442

JOSEPH POLITO, PETITIONER, v. COTEX CORPORATION, RESPONDENT.

For the petitioner, *William Notte.*

For the respondent, *Carl S. Kuebler,* of *McDermott, Enright & Carpenter.*

\*       \*       \*       \*       \*       \*       \*       \*

The petitioner, Joseph Polito, alleged that he was employed by the respondent as a colorer and that on December 21st, 1926, he had been poisoned internally from poisons which entered his system while has was working; that he has heart trouble and pains in his chest; that he spits blood and is very weak and unable to work.

It is admitted by the respondent that he was employed by it as color mixer at a salary of $31 per week, and that in December, 1926, he reported ill and was found to be troubled with a slight touch of benzol poisoning. In its answer respondent alleges that he was completely recovered on February 12th, 1927.

I have listened to the testimony of Dr. Irving Willner, M.D., who advises that there is a history of expectoration of blood from the time he stopped work until the present time; that the examination of his lungs does not reveal the presence of any active tuberculosis. There appears to be, however, a chronic bronchitis; that there is some enemia present; that the heart and abdomen appear to be normal; that reflexes are somewhat increased and Rhomberg positive. The doctor advises that the case is one of benzol poisoning and that although the man claims he has been unable to work, there is

no reason why he cannot do some types of work, and the doctor ·testified that from the appearance of his hands, he would believe that he had done some work. Dr. Willner was of the opinion that the petitioner was disabled to the extent of twenty-five per cent. of total permanent and that he might improve somewhat in the near future.

I have considered the case carefully and am of the opinion that the petitioner contracted benzol poisoning, an occupational disease, in the course of his employment, and that his disability commenced within five months after the termination of his exposure, and that he should receive temporary disability for twenty-five weeks at $17 per week, in addition to the temporary disability which he has already received of four weeks, and he should receive for his permanent disability twenty-five per cent. of total, or one hundred and twenty-five weeks at $17 per week.

\*     \*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*